UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOLONAUS DARRELL POMIER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-118 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner, Tholonaus Darrell Pomier, filed this application for writ of habeas corpus under 28 U.S.C. § 2254 on April 16, 2012. Pomier is no longer incarcerated, nor was he incarcerated when he filed this petition. Pomier states in his more definite statement that he was released from prison on December 28, 2010, and his sentence was fully discharged on December 30, 2010. (Dkt. No. 12). He seeks to have his conviction voided because he believes the statute under which he was convicted is unconstitutional.

In *Maleng v. Cook*, the Supreme Court interpreted language of the habeas corpus statue "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. 488, 490-91. The Court affirmed the district court's holding that "respondent was not 'in custody' for the purposes of a habeas attack on a conviction because the sentence imposed for that conviction had already expired." *Id. See also Hendrix v. Lynaugh*, 888 F.2d 336 (5th Cir. 1989) ("Federal district courts do not have jurisdiction to entertain [habeas corpus] actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks").

As Pomier's sentence has fully expired, he is not "in custody" for the offense he challenges in his petition, and this Court does not have jurisdiction to review Pomier's complaint under the habeas corpus statute. *Maleng*, 490 U.S. at 492. As such, this habeas petition must be dismissed.

Under 28 U.S.C. §2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum and Order, Pomier has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court will deny the issuance of a certificate of appealability.

The Court **ORDERS** the following:

1.     The petition for a writ of habeas corpus is **DISMISSED** with prejudice.

2.     A certificate of appealability is **DENIED.**

SIGNED on this 3rd day of November, 2014.

Kenneth M. Hoyt
United States District Judge